RECEIVED
JUL 21 2014
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

---

| | |
|---|---|
| JACK TURNER, INDIVIDUALLY and on the behalf of all similarly situated persons, | )<br>)<br>) |
| Plaintiff(s), | ) CLASS ACTION CIVIL RIGHTS COMPLAINT<br>) |
| - VS - | ) CASE NO. _____<br>)<br>) THE HONORABLE U.S. JUDGE/MAGISTRATE |
| CHARLES EDOIGIAWERIE, MD; AHMED FARHAN, MD: APARNA*/ KUMAR, MD; A.T. LEONARD, GO MD; BETHANA FREEMAN, PA-C; DEBBIE DONELSON, MD; JULIO ARNAU, MD; BHRANDON HARRIS, MD and all other defendant John and Jane Doe Medical Doctor(s) who are employed with Unknown Defendant Director of the John H. Stroger Hospital, | )<br>)<br>) 1:14-cv-05548<br>) Judge Milton I. Shadur<br>) Magistrate Judge Sheila M. Finnegan<br>) |
| Defendant(s). | ) |

---

## CIVIL RIGHTS COMPLAINT

COMPLAINT is brought pursuant the Federal Rules Of Civil Procedure, in challenges of the known and unknown named defendant(s) refusal and denial of any medical treatment or care for his serious medical ailments, in violation of plaintiff and classes U.S. Constitutional Rights to Due Process, Equal Protection of the Law and to be free from Cruel and Unusual Punishment, warranting relief and judgement in plaintiff and class members behalf.. Further in lieu of criminal prosecution.

### I.

### BRIEF STATEMENT OF THE CASE

In 2006 while plaintiff was incarcerated in the custody of the Illinois Department of Corrections, where he contracted the ("Hepatitis-C") virus, where he was denied medical treatment due to the costs of the expensive treatment and procedure. Since plaintiff's discharge 2013 defendant known and unkown John and Jane Doe, Medical Doctors under leadership of defendant Unknown Director of Stroger Hospital each in

---

*/ Plaintiff also adds defendant(s) Shirin Muzaffar/MD and Grazyua J. Sim/MD to this complaint.

turn, when each defendant had opportunity to examine plaintiff and treat his numerous medical ailments, neither defendant would examine, care, treat or prescribe any medications, nor, order any type tests, xray, etc., under authorization, policy and practice of the unkown Director of Stoger Hospital refusal to expedite any funds toward the treatment or care of any patient with the Hep-C virus. As will be established by defendant(s) own diagnosis and medical records during discovery. Thus, depriving plaintiff and class of their guaranteed rights.

## II.

### PARTIES

#### A.

##### PLAINTIFFS

i) Principle plaintiff Jack Turner is a citizen of the United States of America, and a lifelong resident of the State of Illinois, City of Chicago and County of Cook

ii) Plaintiff Class Members are all residents of Illinois and U.S. Citizens.

#### B.

##### DEFENDANTS

III) Lead defendant Dr. Edoigiawerie, is supposedly principle plaintiff's (Primary Care Giver), he is a Medical Doctor at the Engelwood Health Center, affiliated with John H. Stroger Hospital. Defendant is a citizen of the U.S.A. and a resident of the State of Illinois.

iv) All other known and unknown named defendant Doctors, each are employed with John H. Stroger Hospital. Each are citizens of the U.S.A. and residents of the State of Illinois

v) All named and unknown named defendants, are each sued in their individual and in their official capacities.

vi) Plaintiff seek leave to amend his complaint to add additional defendants and causes of action.

## III.

### STATEMENT OF FACTS

1. Plaintiff reportedly contracted the Hep-C virus, while he was in the custody of the Illinois Dept. of Corrections in the year 2006, while at the Menard Correctional Center, at no time, following contraction of the Hep-C virus did any named and unknown named defendant(s) (to be amended to complaint) employed with Wexford Health Care Providers of the (IDOC), was plaintiff ever provided with any type care or treatment of his Hep-C disease, while imprisoned.

2. Following principle plaintiff's release from IDOC custody May, 2013, due to plaintiff's numerous physical ailments, which includes High Blood Pressure, Anemia, Hep-C, pain to his back, arms, hands and feet, broken jaw and lower right abdomen and just recently determined to have Cancer.

3. Plaintiff took defendant Edoigiawerie as his primary Care Provider, as at that time, plaintiff was a resident of a Half-Way House, which was only a few blocks from the Engelwood Health Center, where said defendant is employed. Yet, though the defendant diagnosed plaintiff's many ailments, he only prescribed medication for every ailment, but, pain to lower right abdomen nor, his contraction of the Hep-C virus. Defendant always sent plaintiff to Stroger Hospital for his ailments, actual care. Plaintiff was seen by the defendant on several occassions, at no time did he treat or prescribe any meds for Hep-C, or pain to lower right abdomen, depriving plaintiff of any treatment or care for his serious medical needs, denying plaintiff of Due Process, Equal Protection of the Law and subjecting plaintiff to pain and suffering, and cruel and unusual punishment.

4. That plaintiff was afforded a copy of his medical record everytime he visited defendant Edoigiawerie, and these records will conclusively show the time, date, diagnosis and treatment, etc., additionally, all other known and unknown defendant doctors afforded plaintiff a copy of his medical record, regarding his "Emergency visits to Stroger Hospital, each, in turn, also denied plaintiff any medical treatment for Hep-C, though, each knew plaintiff had the virus." Accordingly, plaintiff has attached hereto, a copy of the medical records afforded him following his discharge from Stroger by defendant(s) Donelson, Arnau and Harris regarding stay at Stroger from 3/25/14 through 3/28/14. and medical record of 2/24/14 by defendant Muzaffar, as clear evidence,

that each of these defendants knew of plaintiff pyhsical ailments, yet, each refused to even address plaintiff's contraction of the Hep-C virus, nor, would neither order tests, medications or other treatment of his serious medical condition. Thereby, depriving plaintiff of his Constitutional Rights and subjecting him and class members, of medical treatments and medicines to cure his disease, but, under leadership of defendant unknown Director of Stroger Hospital, all known and unknown named defendants refuse to address, care or treat plaintiff's ailment, when such medicines and care do exist, but, as a direct result of costs expenditures for such medicines and treatments, defendant unknown Director, have enacted policy, that no class member, or principle plaintiff be given any type care or treatment for their disease, that all defendant Medical Doctors' execute through actual practice, unless, class member is actuall dying, when, there is no recovery, only then do defendants' afford the dying class member a hospital bed for a few weeks or days before the class members demise and far to late for medicines and treatment to make any difference, plaintiff and class members are and will be denied medical treatments and medicines by defendants wilful refusal to pay for, insuring plaintiff and classes eventual demise, without, ever being treated for their disease.

    5. Further, neither defendant has made a determination, why, plaintiff suffers excruciating pain, that have hospitalized, yet, refused to address his Hep-C ailment, nor, pain to his lower right abdomen, where most of his organs are located, including his liver and that's the organ that fails due to Hep-C contraction, as such, defendants' know, that the sever pain to plaintiff's right abdomen, is the attack by the Hep-C virus on plaintiff's liver, yet, refuse any type treatment, until he's actuallydying, which could be soon, as defendants now claim plaintiff has a cancer, that needs to be cut off his lungs. (See Medical Records attached, as prove of plaintiff and classes claims, of intentional denial of treatment.

    6. Plaintiff has been refusing to actually take the operation, as his lifevcould be placed insubstantial danger , and defendants' are offering no other type treatment life-threatening surgery.

    7. All other named and unkown named defendants Medical Records, will be either attached to his amended complaint, or produced during discovery process.

8. All named defendants' denial of any medical care or treatment for plaintiff and classes disease is grounds for criminal prosecution and violates their rights to treatment, regardless of the costs involved, where their actual existence is at stake, not so, with these defendants, as such, defendant are willfully violating their own oath, decree and duties associated with their profession, by denying treatment, are purposely trying to kill plaintiff and all other class members off, but, forcing them to suffer needlessly, prior to their actual death.

IV.

CLAIMS FOR RELIEF

17. Plintiff hereby amend and incorporate paragraphs 1 – 8, as paragraphs 9 – 16 of his and classes Claims For Relief.

18. All unknown and named defendants acts, policy, practice, omissions and official misconduct, that was enacted by unknown defendant Director of Stroger Hospital to willfully authorized all defendant Medical Doctors to deny any treatment for plaintiff and classes conditions, to which each defendant denied, in conspiracy, corroboration, agreement or implied consent, to intentionally, knowingly purposely abided by the conspiracy, through actual practice, by depriving plaintiff and class any medical attnetion for their serious medical needs, with deliberate indifference and a complete denial of their Constitutional Rights, by defendants total reckless disregard of plaintiff and classes rights. Defendants' actions are challenged by this cause of action. Defendant(s) denied plaintiff's and class of their Constitutional rights to Due Process, Equal Protection of the Law and for subjecting them to cruel and unusual punishment before their demise

19. All unknown and named defendant' acts and omissions, practice, official misconduct and policy deprive plaintiff and class of their rights to Due Process and Equal Protection of the Law under the Illinois State Constitution, Art. 1, Sec. 2.

20. All unknown and known named defendants actions are grounds for criminal prosecution under both the United States and Illinois Constitutions., and Criminal and Civil Law regulations. As such, plaintiff and class seek criminal prosecution .

21) All known and unknown named defendants practice and official misconduct violates their Code of Ethics, their Oath, Vow and/or decree, constituting a 'Breach of Trust,' warranting terminating their Medical License and from the employ of the Stroger County Hospital, thus depriving plaintiff andclass of rights that were due, at fist, plaintiff assumed, he was being denied medical treatment for his Hep-C disease, due to fact, that he has no job, or property of worth, so plaintiff accepted practice that defendants' were not going to treat him without finance or at lease some type of Insurance. However, once plaintiff obtained Medicade, he assumed he'd finally be treated for his Hep-C ailment, but, because, Medicade doesn't pay the entire amount for the treatment of Hep-C, defendants' still refuse to afford him any type treatment for his disease, as defendant does with all other plaintiff class members, ensuring plaintiff and class will be denied treatment up to the day of their demise. Warranting Criminal prosecution.

V.

RELIEF REQUESTED

A) Plainitff and class seek Injunctive Relief, prohibiting defendants' from continuing to deprive themm of any medical treatment for the Hep-E virus, and that defendants; be held liable for contempt for failure to abide by the orders entered by the court;

B) That all named and unknown named defendants be placed under investigation, pending actual lodging of criminal charges.

C) That all monies appropriated by the Federal Government toward the treatment of the Hep-C, or paid by Illinois Tax-Payers be reimbursed toward plaintiff and classes care and treatment for Hep-C disease;

D) That defendants' be ordered to pay damages, as compensation in the amount of $5 Million Dollars each be afforded principle plaintiff from each named defendant indiviually and seperately, and compensatory damages for the class, as determined by the Court;

E)   That this Court appoint qualified counsel to represent plaintiff and class and certify a Class Action Complaint hereon;

F)   That this Court further Punitive damagaes in the amount of $3 Million to be paid to principle plaintiff from each named defendant individually and seperately, and that punitive damages be oedered for plaintiff class members in an amount as determined by this court;

G)   Further that this Court enter such additional judgement as the Court sees fit, just and warranted at its judicial discretion;   and,

H)   That the defendants' be ordered to pay for all the costs of this complaint;   and,

I)   That defendants' pay costs of representation of appointed counsel.

## VI.

### DECLARATION

I, Jack Turner, declare under the penalty of perjury that all statements made in this complaint and that the attached exhibit Medical Records are true and correct copies of the originals, and all statements made in complaint are true and correct in substance and in fact.

Respectfully submitted,

Jack Turner

n