IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACK TURNER, Individually and on the behalf of all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES EDOIGIAWERIE, MD, et al.,<br><br>Defendants. | Case No. 14 C 5548 |

## MEMORANDUM ORDER

Jack Turner ("Turner") has filed a pro se pleading whose caption reads "Class Action Civil Rights Complaint," naming a host of doctors as defendants. Turner has also accompanied his Complaint with an In Forma Pauperis Application ("Application") that shows he could qualify financially for that status and thus avoid payment of the $400 filing fee if his claim could be pursued in this federal court. But because that is clearly not the case, this Court hastens to issue this dispositive memorandum order.

To begin with, of course Turner cannot sue "on the behalf of all similarly situated persons," as he purports to do in his Complaint caption. No nonlawyer such as Turner is entitled to sue and to act on behalf of other persons.

But as to Turner himself, the wrong that he ascribes to his bevy of defendants is that of asserted medical malpractice that does not call into play the federal constitutional rights of the type that he seeks to invoke -- due process, equal protection of the law and freedom from cruel and unusual punishment -- all of which are guarantees of the Bill of Rights applicable against claimed federal constitutional misconduct by persons acting "under color of law" (a term of art),

rather than acting as private individuals. Instead Complaint ¶ 19, in that pleading's section labeled "Claims for Relief," reads (emphasis added):

> All unknown and named defendant' acts and omissions, practice, official misconduct and policy deprive plaintiff and class of their rights to Due Process and Equal Protection of the Law <u>under the Illinois State Constitution, Art. 1, Sec. 2</u>.[1]

Because diversity of citizenship is lacking (Turner and all defendants share Illinois citizenship), this District Court therefore lacks federal subject matter jurisdiction. Accordingly both the Complaint and this action are dismissed, but without prejudice to Turner's seeking to proceed in a state court of competent jurisdiction. As for the Application, it is denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

July 24, 2014

---

[1] [Footnote by this Court] In that regard the Constitutional Commentary to that provision by distinguished lawyers Robert A. Helman and Wayne W. Whalen reads (citations omitted):

> In at least one respect, however, the Federal and State due process guarantees differ. The Federal Constitution prohibits the "state" from denying persons due process of the law. The Illinois Constitution does not by its terms limit the guarantee against deprivation of due process rights to action by the "state".